IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK DAIGLE<br>2142 Cloverfield Drive<br>Lebanon, PA 17046 | :<br>:<br>:  CIVIL ACTION<br>: |
| Plaintiff, | :  NO.:<br>: |
| v. | :<br>: |
| SMUCKER COMPANY<br>15 Newport Road<br>Leola, PA 17540 | :<br>:<br>:  **JURY TRIAL DEMANDED**<br>: |
| Defendant. | :<br>: |

**CIVIL ACTION COMPLAINT**

Mark Daigle, (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by the Smucker Company (*hereinafter* referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA"- 29 USC § 2601), the Families First Coronavirus Response Act ("FFCRA" - Pub. L. No. 116-127, 134 Stat. 178 (2020)), the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 et. seq.), the Pennsylvania Human Relations Act ("PHRA"), and Pennsylvania Common Law.[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend his complaint to include claims under the PHRA once his claims have been administratively exhausted with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff's PHRA will mirror identically his federal claims under the ADA.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address set forth in the caption.

8. The Smucker Company is a wall and ceiling contracting company with an address as set forth in the above-caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff was employed by Defendant for more than 7 years, from in or about October 2012 until in or about April 2020, performing several different roles, such as framing, hanging drywall, installing insulation, training, and other general builder or work-related capacities.

12. Throughout his tenure with Defendant, Plaintiff was a hard-working employee who performed his job well.

13. Plaintiff has and continues to suffer from several health conditions including but not limited to diabetes, a hernia, carpel tunnel syndrome, issues with his feet (such as plantar fasciitis), and associated complications from each of these conditions.

14. As a result of his aforesaid health conditions, Plaintiff is (at times) limited in his ability to perform some daily life activities, including but not limited to grasping, lifting, climbing, walking, running, standing, exercising, and regulating his blood sugar (as well as other daily life activities).

15. Plaintiff's health conditions pertaining to both his hernia and carpel tunnel syndrome are the result of work-related injuries, which he informed Defendant's management of in or about 2019.

16. Despite his aforesaid health conditions and limitations, Plaintiff was able to perform the duties of his job well with Defendant; however, Plaintiff did require some reasonable accommodations while employed with Defendant (as discussed *infra*).

17. As a result of his aforementioned disabilities, in or about late 2019 and early 2020, Plaintiff required numerous accommodations from Defendant, including but not limited to medical leaves of absence, as well as work related restrictions.

18. By way of example, from in or about September 2019 through in or about December 2019, Plaintiff required periodic leaves of absence from Defendant pertaining to his hernia and related complications, for which he received workers' compensation benefits.

19. During this timeframe, when Plaintiff returned to work, he required light duty accommodations due to numerous medical restrictions (including restrictions pertaining to his ability to lift, bend, climb, etc.).

20. Plaintiff also required a leave of absence as a result of a surgery related to his carpel tunnel from in or about December 2019 through in or about January 2020.

21. While Plaintiff was initially granted these accommodations by Defendant, Defendant displayed hostility and animosity towards Plaintiff, including but not limited to treating him in a condescending manner and placing him to work at distant job sites (including a site approximately 1 and ½ hours away) despite that available work existed at closer job sites, which Plaintiff complained about to Defendant's management without engagement in the interactive process or recourse.

22. Moreover, despite informing Defendant's management that he required a medical leave for surgery and to care for and treat his aforesaid disabilities, Defendant's management failed to advise Plaintiff of his individualized rights under the Family and Medical Leave Act ("FMLA")

prior to his medical leave, during his medical leave, or any time prior to his subsequent termination from employment (discussed further *infra*). Therefore, Defendant failed to follow proper notice, designation, and informational regulations of the FMLA.

23. Unfortunately, shortly after returning from his aforementioned medical leaves of absence, in or about March 2020, the COVID-19 pandemic began to spread throughout Pennsylvania, including the locations where Plaintiff performed work.

24. As Plaintiff has diabetes, and is considered to be a high-risk individual pertaining to COVID-19 exposure, in or about mid-late March 2020, Plaintiff requested a leave of absence from Defendant because of his concerns relating to his health conditions.

25. Plaintiff further notified Defendant on or about March 30, 2020, that in addition to his need for leave relating to his disabilities, he was also required to self-quarantine after being exposed to another individual who had tested positive for COVID-19 (later conveying that his self-quarantine end date for this exposure would be April 13, 2020).

26. In response to this notification, Defendant's President, Merv Smucker, notified Plaintiff that his situation "fits into one of the reasons that the government had recommended for 14 days of self-quarantine," and Defendant ultimately paid Plaintiff for two weeks of leave pursuant to the FFCRA.

27. Thereafter, Plaintiff delivered medical documentation to Defendant specifically requesting a brief additional leave of absence under the FMLA from April 13, 2020 through April 30, 2020 due to his diabetes.

28. Within approximately 1 day of sending in documentation from his physician supporting his request for FMLA leave (also a reasonable accommodation under the ADA) for his disabilities, in or about April 17, 2020, Plaintiff was contacted by Defendant's Safety Manager,

5

Amos Dienner, who informed Plaintiff that he was being laid off.

29. Although Defendant did temporarily lay off *some* employees as a result of the COVID-19 pandemic after laying off Plaintiff, the vast majority of these employees, including those who were less senior and less experienced than Plaintiff, but did not engage in the same protected activities or have the same protected status as Plaintiff, have been returned to work for Defendant.

30. Plaintiff, however, has inexplicably not been permitted to return to work for Defendant, despite Plaintiff's requests to return and even take a different position if necessary. Instead, Defendant informed Plaintiff that there are "no plans" to bring Plaintiff back and that there are "no position available" despite that there have been several of available opportunities within Defendant that Plaintiff could have performed following his separation from employment.

31. Plaintiff believes and therefore avers that he was terminated and not reinstated because of (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations (which constitutes illegal retaliation); (4) his requests for/use of leave under the FFCRA/FLSA; (5) his attempts to open a workers' compensation claim or obtain related benefits; and (6) Defendant's failure to properly accommodate him.[2]

### COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[2] Defendant's termination of Plaintiff was also part of a larger pattern of terminating employees in general with health problems. For example, at least one other employee was terminated in or about March of 2020, following his requests for/utilization of a medical leave to care for his disabilities. *See Szerba v. Smucker Company*, Civil Action No. 20-3557 (EDPA 2020) at Docket Entry No. 1.

33. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

34. Plaintiff kept Defendant's management informed of his serious medical conditions and need for accommodations.

35. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

36. Plaintiff requested reasonable accommodations from Defendant, including but not limited to medical leave and light duty work.

37. In or about April 2020, after displaying animosity towards Plaintiff and his use of prior accommodation requests, in close proximity to Plaintiff's requests for and/or utilization of reasonable accommodations and while still out on medical leave, Plaintiff was abruptly terminated from his employment with Defendant.

38. Plaintiff believes and therefore avers that he was terminated and not reinstated because of (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations (which constitutes illegal retaliation); and (4) Defendant's failure to properly accommodate him.

39. These actions aforesaid constitute violations of the ADA.

## COUNT II
## Violations of the Family and Medical Leave Act ("FMLA")
### ([1] Retaliation & [2] Interference)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

42. Plaintiff requested leave for medical reasons from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

43. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

44. Defendant is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

45. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

46. Plaintiff requested intermittent leave for his serious health conditions during the last approximate year of his employment with Defendant.

47. Plaintiff was terminated in close proximity to his requests for/utilization of FMLA leave to care for his serious health conditions.

48. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating and not reinstated Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate him and not reinstate him; (3) failing to inform Plaintiff of his individualized FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; and (5) engaging in conduct which

discouraged Plaintiff from exercising his FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave.

49. These actions as aforesaid constitute violations of the FMLA.

## COUNT III
## Violations of the Families First Coronavirus Response Act ("FFCRA") & the Fair Labor Standards Act ("FLSA")
### (Retaliation)

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. Effective April 1, 2020, the FFCRA provides for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act. *See* FFCRA, at §§ 5102(a) and (b)(A).

52. The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Paid Sick Leave Act shall be governed by relevant sections of the FLSA, as set forth in more detail below.

53. Defendant is engaged in an industry affecting commerce and employees, is a private entity, and employs fewer than 500 employees. *Id.* at § 5110(2)(B)(aa).

54. Plaintiff requested and was granted paid sick leave by Defendant pursuant to the FFCRA.

55. It is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act." *Id.* at § 5104. "An employer who willfully violates section 5104 shall . . . be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." *Id.* at § 5105(b)(1).

56. Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of this Act is subject to the penalties described

in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation. *Id.* at § 5105(b)(2).  Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. § 216; 217.

57. Defendant willfully terminated Plaintiff in retaliation for his request for emergency paid sick leave and his COVID-19 concerns in violation of the FFCRA and the FLSA and refused to rehire him following his release to return to work despite brining back countless other employees who had not utilized such leave.

58. These actions as aforesaid constitute violations of the FFCRA and the FLSA.

## Count IV
### Violation of the Pennsylvania Common Law
**(Public Policy Violation - Workers' Compensation Retaliation)**

59. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

60. It is against this Commonwealth's public policy for an employee to be terminated to prevent a workers' compensation claim.

61. Plaintiff was terminated shortly after opening and/or attempting to open workers' compensation claims with Defendant and receiving workers' compensation benefits, after being subjected to hostility and animosity pertaining to the same, under circumstances which evidence pretext.

62. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

                                        Respectfully submitted,

                                        **KARPF, KARPF & CERUTTI, P.C.**

By: _____
                                        Ari R. Karpf, Esq.
                                        Timothy S. Seiler, Esq.
                                        3331 Street Rd.
                                        Two Greenwood Square, Suite 128
                                        Bensalem, PA 19020
                                        (215) 639-0801

Dated: December 11, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Mark Daigle                                          :           CIVIL ACTION
                                                     :
v.                                                   :
                                                     :
Smucker Company                                      :
                                                     :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.              ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                          (X)

| 12/11/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2142 Cloverfield Drive, Lebanon, PA 17046

Address of Defendant: 15 Newport Road, Leola, PA 17540

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/11/2020  _____  ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 12/11/2020  _____  ARK2484 / 91538
                  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAIGLE, MARK

**DEFENDANTS**
SMUCKER COMPANY

**(b)** County of Residence of First Listed Plaintiff: Lebanon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); FFCRA (Pub. L. No. 116-127, 134 Stat. 178 (2020); FLSA (29USC201)

Brief description of cause:
Violations of ADA, FMLA, FFCRA, FLSA, PA Human Relations Act and PA Common Law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____  DOCKET NUMBER: _____

DATE: 12/11/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

[Print]  [Save As...]  [Reset]